**SOUTHWICK v. J. C. PENNEY CO.**
**No. 10288.**

United States District Court
E. D. Michigan, S. D.

Dec. 29, 1953.

sane at the time the offense was committed shall be promptly tried, either

Townsend F. Beaman, Jackson, Mich., for plaintiff.

John H. Cassidy, St. Louis, Mo., Barnes, Kisselle, Laughlin & Raisch, Detroit, Mich., for defendant.

LEDERLE, Chief Judge.

This action involves the validity and infringement of all of the three claims of U. S. Patent No. 2,476,635, issued on July 19, 1949. Plaintiff is owner of the patent and William H. Ketts, an exclusive licensee, has manufactured and sold substantial quantities of the device disclosed.

The accused device was sold by the defendant at one of its retail establishments within the jurisdiction of this court. This device was manufactured by the Welsh Company, a Missouri corporation, which is assisting in the defense of this action.

All of the five claims filed with the original application were rejected by the Patent Office. After a change of attorneys and an oral interview, the claims in suit were allowed.

Both the disclosure, as originally filed, as well as the claims of the patent in suit, pertain to an article of manufacture in the form of a hanger detachably connectible with an overhead structure, such as a door frame, comprising a pair of gripping jaw members fabricated before the same jury or before a new jury in the discretion of the court. * * * ”

from flat material. These jaw members are pivoted near their lower end and are disposed in flatwise opposed and edgewise disposed relationship. From the pivot, the jaw members are flared outwardly and extend edgewise upwardly and then are curved edgewise inwardly to provide opposed upper ends. The upper end of each jaw member extends laterally across the flat dimension and then extends back transversely to provide a pair of elongated flat opposed gripping jaw portions substantially central with respect to the jaw members.

It is asserted that the novelty of the device disclosed in the patent resides in the specific one-piece construction of the jaw members from the point of pivot to and including the gripping jaw portions.

The accused device responds literally to the wording of Claims 1 and 2 of the patent. The substitution of a rigid member to retain the gripping jaw members in place with the flat portions contacting the wall as a substitute for the spring, disclosed in the patent, is a mechanical equivalent. If the claims are valid, infringement of all of them is obvious.

■ The fact that a device is made of suitable material to serve the purpose intended does not connote invention. The use of bar-like material as specified in the claims for analogous purposes is shown in various patents. It was in common use for constructing household ice tongs, which perform substantially the same functions as the device disclosed, long before the application for the patent in suit was filed.

The expedient of bending the ends of such a device to form flat opposed gripping surfaces would be obvious to any mechanic skilled in the art without the need of any suggestion from the many structures in the analogous art disclosed in prior patents embodying the same feature.

■ The adaptation of old devices constructed of old materials for new uses does not constitute the kind of advance that justifies the granting of a patent monopoly to the first user. Such an abuse of the patent system would retard progress and not promote it. All improvement is not invention. In order to justify the issuance of a patent, the device disclosed must be the product of some exercise of the inventive faculties. Atlantic Works v. Brady, 107 U.S. 192, 2 S.Ct. 225, 27 L.Ed. 438; Great Atlantic and Pacific Tea Company v. Super Market Equipment Corp., 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162.

■ Since all the claims of the patent in suit are invalid for want of invention, the complaint must be dismissed.